IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KENCON CONSTRUCTORS/ CONSTRUCTION MANAGERS, LTD.** | § § § | **CIVIL ACTION NO.:** 5:21-cv-695 |
| **Plaintiff** | § § | **COMPLAINT AND JURY DEMAND** |
| vs. | § § | |
| **PRAETORIAN SPECIALTY INSURANCE COMPANY** | § § § | |
| **Defendant** | § § | |

**COMPLAINT SEEKING DECLARATORY RELIEF; BREACH OF CONTRACT; VIOLATION OF TEX. INS. CODE § 542.058; AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, KENCON CONSTRUCTORS / CONSTRUCTION MANAGERS, LTD. ("Plaintiff" or "Kencon") and files this Complaint against Defendant PRAETORIAN SPECIALTY INSURANCE COMPANY ("Defendant" or "PSIC"). In support thereof, Plaintiff would show the Court as follows:

**I.
NATURE OF THE ACTION**

1.  Plaintiff seeks declaratory judgement under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a); monetary relief for Defendant's breach of contract and violation of Texas Insurance Code § 542.058; and attorneys' fees and costs under Texas Civil Practice & Remedies Code § 38.001 and Texas Insurance Code § 542.060; and such other relief as this court deems appropriate.

## II.
## PARTIES

2. Kencon Constructors / Construction Managers, Ltd. is an entity formed and existing under the laws of the State of Texas, with its principal place of business located in San Antonio, Bexar County, Texas.

3. Praetorian Specialty Insurance Company, a member of the QBE Insurance Group is an entity formed and existing under the laws of the State of Delaware, with its principal place of business located at 88 Pine Street, Wall Street Plaza, New York, New York, 10005. Service of Defendant can be accomplished by service on its president, Tom Fitzgerald at 123 Pleasant Street (3rd floor), Marblehead, Massachusetts, 07945.

## III.
## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b)(1) because this is the jurisdiction in which Defendant conducts business, because a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in Bexar County, and Bexar County is where the underlying action out of which this action arises is pending.

## IV.
## FACTUAL BACKGROUND

6. Kencon is in the business of providing general contractor services for commercial construction projects, including for the Judson Independent School District – Converse Elementary School project that is the subject of a construction defects lawsuit filed by Judson

Independent School District under Cause No. 2018CI13765 against Kencon in the 438th Judicial District Court of Bexar County (the "Underlying Lawsuit").

7. Defendant is an insurance carrier engaged in the business of providing commercial general liability ("CGL") coverage to general contractors and subcontractors, including Kencon and its subcontractor, Santex Builders, LLC ("Santex").

8. Defendant entered into insurance contracts with Santex and, in consideration of premiums paid by Santex, agreed to provide commercial general liability coverage, including a defense and indemnity for sums Santex becomes obligated to pay for property damage caused by an occurrence pursuant to the terms of the Praetorian Policy.

9. In addition, Defendant agreed to provide additional insured coverage to Kencon, as required by the written subcontract between Santex and Kencon, including a defense and indemnity for sums Kencon becomes legally obligated to pay as damages because of property damage caused by an occurrence pursuant to the terms of the Praetorian Policy.

10. Kencon is an additional insured under the Praetorian Policy issued to Santex.

### The Praetorian Policy

11. Praetorian issued a primary commercial general liability policy to Santex, policy number PSITX0004143, effective 06/01/2008 to 06/01/2009 (the "Praetorian Policy").

12. The Praetorian Policy provides limits of liability of $1,000,000 per occurrence; $2,000,000 in the aggregate; and $2,000,000 for the products-completed operations aggregate.

13. The Praetorian Policy provides third-party liability coverage for sums the insureds become legally obligated to pay as damages because of property damage caused by an occurrence.

14 Kencon is an additional insured under the Praetorian Policy as required by its subcontract with Santex.

15. As an additional insured under the Praetorian Policy, Kencon is entitled to defense and to indemnity for sums it becomes legally obligated to pay as damages because of property damage caused by an occurrence that arises out of, and/or is caused in whole or in part by, Santex' operations.

16. In addition, the Praetorian Policy includes an endorsement that states the coverage afforded to Kencon is primary when the liability arises out of Santex' operations.

### The Project and Underlying Lawsuit

17. Kencon contracted to act as general contractor in connection with the construction of a building or buildings for Judson Independent School District, including the Converse Elementary School campus located in San Antonio, Texas (the "Project").

18. Kencon entered into a written subcontract agreement with Santex, under which Santex agreed to perform certain work on the Project to completely prepare the site for construction, including but not limited to clearing and grubbing, earthwork, structural excavation and backfill.

19. In addition, the Subcontract Agreement obligated Santex to procure and maintain commercial general liability insurance, providing additional insured coverage to Kencon for, among other things, claims against Kencon or damages that Kencon becomes legally obligated to pay because of property damage caused by an occurrence that arises out of the work performed by Santex.

20. In accordance with the subcontract agreement, Santex did procure such commercial liability insurance with additional insured coverage for Kencon, including the Praetorian Policy described in paragraphs 11-16 above.

21. On or about July 26, 2018, Judson Independent School District ("JISD") filed an original petition against Kencon in the Underlying Lawsuit seeking to recover damages associated with repairs necessary to address the property damage at the Project.

22. In part, JISD alleges substandard and deficient construction of the elementary school caused by Kencon either directly or by negligent supervision of Kencon's subcontractors, one of which was Santex.

23. In the Underyling Lawsuit JISD specifically complains of construction issues arising out of grading, work which was sub-contracted by Kencon to Santex and contends, among other theories, that the damages were the result of Kencon's negligence (either direct or through oversight of subcontractors).

24. On or about June 15, 2019, JISD filed a First Amended Petition, adding additional defendants, including the architect and engineers, and maintaining its claims against Kencon for negligence related to the construction of the Project, some of which arise out of the work performed by Santex.

25. On or about June 25, 2019, JISD filed a Second Amended Petition, maintaining its claims against Kencon for negligence related to the construction of the Project, some of which arise out of the work performed by Santex.

26. On or about August 24, 2020, JISD filed a Third Amended Petition, maintaining its claims against Kencon for negligence related to the construction of the Project, some of which arise out of the work performed by Santex.

27. As such, the allegations in the JISD's pleadings filed in the Underlying Lawsuit allege that Kencon is liable for damages because of property damage caused by an occurrence

arising from the work performed by Santex and, as such, Kencon is entitled to defense and indemnity under the Praetorian Policy as an additional insured.

28. Kencon tendered written notice of the Underlying Lawsuit to Defendants seeking defense and coverage under Praetorian Policy.

29. Kencon has satisfied all conditions under the Praetorian Policy and is therefore entitled to coverage for its defense and indemnity in the Underlying Lawsuit.

30. In spite of having satisfied all conditions precedent under the Praetorian Policy to be entitled to defense, Defendant has expressly disclaimed, denied and/or otherwise failed to fulfill its duties under the Praetorian Policy.

31. Defendant's failures give rise to a breach of contract and an actual, present, and justiciable controversy involving the parties' rights and duties under the relevant policy.

32. As a result of Defendant's actions, Kencon has and will continue to suffer damages.

## V.
## CAUSES OF ACTION

### A. BREACH OF CONTRACT FOR THE DUTY TO DEFEND

33. Plaintiff hereby incorporates paragraphs 1 through 31, inclusive, as though fully set forth herein.

34. Defendant duly executed and delivered its policy in consideration for premiums paid.

35. The Praetorian Policy is a valid and enforceable written contract of insurance which was in full force and effect at all relevant times referenced herein.

36. Plaintiff is, and at all relevant times was, in compliance with all conditions precedent for coverage under the Praetorian Policy, including, but not limited to, having provided timely notice of the claim and Underlying Lawsuit.

37. Defendant is obligated pursuant to the terms of its policy, to defend Plaintiff against a suit seeking damages because of property damage caused by an occurrence if it arises in whole or in part, out of work performed by Santex.

38. Despite several demands, Defendant has repeatedly refused and/or otherwise failed to provide Plaintiff with a defense.

39. Defendant's refusal and/or failure to provide coverage benefits due and owing to Plaintiff under the Praetorian Policy constitutes a breach of the policy and breach of contract.

40. As a result of Defendant's breaching the Praetorian Policy, Plaintiff has suffered damages and will continue to suffer damages in the future.

41. Plaintiff respectfully requests this Court issue an award for an amount equal to the damages that Kencon has suffered, and will continue to suffer, as a result of the Defendant's breach and non-compliance with its duties under the Policy, including attorneys' fees and costs incurred for Kencon's defense in the Underlying Lawsuit.

42. Pursuant to Texas Civil Practice & Remedies Code § 38.001, Plaintiff also respectfully requests this Court issue an award of costs and attorneys' fees related to the present action.

**B.   DECLARATORY JUDGEMENT FOR THE DUTY TO DEFEND AGAINST ALL DEFENDANTS**

43. Plaintiff hereby incorporates paragraphs 1 through 41, inclusive, as though fully set forth herein.

44. A dispute has arisen between Plaintiff and Defendant regarding whether Defendant is obligated to provide Plaintiff with a defense in the Underlying Lawsuit under the Praetorian Policy.

45. An actual case and justiciable controversy exists regarding the obligations of Defendant under the Praetorian Policy regarding Defendants' duty to defend Kencon.

46. Pursuant to 28 U.S.C. § 2201(a), Plaintiff respectfully requests that this Court declare that Defendant is obligated to defend Plaintiff in the Underlying Lawsuit.

### C. DECLARATORY JUDGEMENT FOR THE DUTY TO INDEMNIFY AGAINST ALL DEFENDANTS

47. Plaintiff hereby incorporates paragraphs 1 through 45, inclusive, as though fully set forth herein.

48. A dispute has arisen between Plaintiff and Defendant regarding whether Defendant is obligated to indemnify Plaintiff for sums it becomes legally obligated to pay as damages because of property damage caused in whole or in part by and/or arising out of Santex' work pursuant to the terms of the Praetorian Policy.

49. An actual case and justiciable controversy exists regarding the obligations of Defendant under the Praetorian Policy regarding Defendant's duty to indemnify Kencon.

50. Pursuant to 28 U.S.C. § 2201(a), Plaintiff respectfully requests that this Court declare that Defendant is obligated to indemnify Plaintiff with respect to the Underlying Lawsuit.

### D. VIOLATION OF TEXAS' PROMPT PAYMENT OF CLAIMS ACT

51. Plaintiff hereby incorporates paragraphs 1 through 49, inclusive, as though fully set forth herein.

52. The Texas Prompt Payment of Claims Act ("PPCA"), including Texas Insurance Code § 542.058, requires insurers to pay claims within sixty (60) days of receiving all items, statements, and forms reasonably requested and required under Tex. Ins. Code § 542.055.

53. The Texas Supreme Court has held that a claim for attorneys' fees under a liability policy for defense against a third party claim is a first party claim subject to the PPCA.

54. Defendant has failed to pay Plaintiff's defense costs that are due and owing under the Praetorian Policy, in violation of Tex. Ins. Code § 542.058.

55. Pursuant to Tex. Ins. Code § 542.060, Plaintiff seeks recovery of defense costs Plaintiff has incurred in connection with the Underlying Lawsuit, which constitutes a "claim" within the meaning of Tex. Ins. Code § 542.060 and Tex. Ins. Code § 542.051, plus interest on the amount of the defense costs at the rate of 18 percent a year as damages, together with reasonable and necessary attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests and prays that upon a trial on the merits, the Court enter judgement in favor of Plaintiff against Defendant as follows:

a. Awarding Plaintiff all direct, actual, and consequential damages resulting from Defendant's breach of the insurance policy;

b. Entering a declaration that Defendant is obligated to provide Plaintiff with a defense in the Underlying Lawsuit, retroactive to the date of the first tender;

c. Entering a declaration that Defendant is obligated to indemnify Plaintiff in the Underlying Lawsuit;

d. Awarding Plaintiff all direct, actual, and consequential damages resulting from Defendant's violation of the Texas Insurance Code § 542.058;

 e. Awarding Plaintiff attorneys' fees and costs pursuant to Texas Civil Practice & Remedies Code §38.001 and Texas Insurance Code § 542.060;

 f. Awarding Plaintiff pre-judgement and post-judgement interest as permitted by law;

 g. Awarding Plaintiff all costs of Court; and

 h. For such other relief, at law or in equity, to which Plaintiff is justly entitled.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action of all issues so triable.

      Respectfully submitted,

      **CURNEY, FARMER, HOUSE**
      **OSUNA & JACKSON, P.C.**

Dated: July 22, 2021    By: /s/ William David Farmer
      Jeffrey G. House
      State Bar No. 00784295
      Email: jhouse@cfholaw.com
      William David Farmer
      Texas State Bar No. 6826470
      Email: wdfarmer@cfholaw.com
      Michael D. DeNuccio
      Texas State Bar No. 24052015
      Email: mdenuccio@cfholaw.com
      411 Heimer Road
      San Antonio, Texas 78232
      Telephone: (210) 377-1990
      Facsimile: (210) 377-1065
      Attorneys for Plaintiff,
      *Kencon Constructors/ Construction Managers, Ltd.*